IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RICHARD ELI TARVIN, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § Civil Action No. 2:25-cv-00057-Z-BR |
| | § |
| ERIC GUERRERO, Director, | § |
| Texas Department of Criminal | § |
| Justice, Correctional Institutions | § |
| Division | § |
| | § |
| Respondent. | § |

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

Petitioner Richard Eli Tarvin challenges a prison disciplinary proceeding through a petition for writ of habeas corpus under 28 U.S.C. § 2254. Because Tarvin lost no good time credits as a result of the disciplinary proceeding and is *not* eligible for mandatory supervision release, his claims should be dismissed with prejudice because they fail to state a claim for which federal habeas relief can be granted.

## JURISDICTION

Tarvin seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties, as Tarvin is incarcerated within this Court's jurisdiction.

## STATEMENT OF THE CASE

Respondent (Director) has lawful custody of Tarvin pursuant to the judgments and sentences entered by the 277th District Court of Williamson

County Texas, in cause numbers 88-441-K and 88-442-K. Exhibit A.[1] On August 9, 1988, Tarvin was found guilty of aggravated sexual assault and was sentenced to fifty years in each case, to be served concurrently. *Id.*

On March 28, 2024, in disciplinary case number 20240118354, a Disciplinary Hearing Officer found Tarvin guilty of possession of a weapon. Exhibit B.[2] On February 20, 2025, Tarvin filed the instant federal habeas corpus petition. ECF 3 at 10.[3] This proceeding ensued.

## ADMINISTRATIVE RECORDS

A TDCJ-CID Commitment Inquiry, reflecting Tarvin's convictions, is attached as Exhibit A. Tarvin's TDCJ Disciplinary Report and Hearing Record (the summary page from the records of his disciplinary hearing), with affidavit, is attached as Exhibit B. Unless requested by the Court, the Director is not submitting any additional records related to Tarvin's disciplinary proceeding, as they are not necessary to the disposition of this case. Exhibits A and B are included in an Appendix to this Answer, pursuant to the Court's order.

## PETITIONER'S ELIGIBILITY FOR MANDATORY SUPERVISION

Pursuant to the mandatory supervision statutes in effect when Tarvin committed his holding offenses, he is not eligible for release to mandatory

---

[1] Exhibit A is a copy of Tarvin's TDCJ commitment inquiry reflecting his convictions.

[2] Exhibit B is Tarvin's Disciplinary Report and Hearing Record (the summary page from the records of his disciplinary hearing), with attesting affidavit.

[3] A federal form petition is deemed filed on the date it was submitted to the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

supervision, as he is serving sentences for aggravated sexual assault. Tex. Code Crim. Proc. Art. 42.18 § 8(c) (1987); Exhibit A at 1.

## PETITIONER'S ALLEGATIONS

The Director understands Tarvin to challenge disciplinary case number 20240118354 on the following grounds:

1. His due process rights were violated because he did not have a counsel substitute;

2. His disciplinary violation was actually "entrapment";

3. His due process rights were violated because Assistant Warden W.H. Jones oversaw both the disciplinary process and the unit classification committee that assigned Tarvin to high-custody confinement, which was a "conflict of interest";

4. The disciplinary conviction "caused the parole board to take [his] already approved parole" from him, depriving him of his "liberty interest" in parole; and

5. He was retaliated against for filing grievances, in violation of the First Amendment.

ECF 3 at 6–7, 11.

## QUALIFIED GENERAL DENIAL

The Director denies all of Tarvin's assertions of fact except those supported by the record or specifically admitted herein. Fed. R. Civ. P. 8(b)(3). Additionally, the Director opposes any future, substantive motions filed by Tarvin and will respond to such motions only upon order of the Court.

## AFFIRMATIVE DEFENSES

Tarvin's claims are not barred by limitations, 28 U.S.C. § 2244(d), or subject to the successive petition bar, 28 U.S.C. § 2244(b). Because Tarvin's claims do not entitle him to federal habeas corpus relief, the Director reserves the right to argue exhaustion and procedural bar, 28 U.S.C. §2254(b)(1).

## ANSWER

### I. To the Extent Tarvin Challenges His Disciplinary Conviction, He Has Failed to Demonstrate a Deprivation Actionable in Federal Habeas Law (Claims 1, 2, 3, 5).

As a result of disciplinary case number 20240118354, TDCJ assessed the following punishment: (1) loss of 45 days of recreation privileges; (2) loss of 60 days of commissary privileges; (3) a reduction of time-earning class from SAT III to SAT IV; and (4) loss of 45 days of offender telephone service (OTS) privileges. DHR at 1. He lost no good-time credits. *Id.* Additionally, Tarvin claims that the disciplinary conviction also resulted in a change in custody designation from G2, low-custody confinement, to G5, high-custody confinement. *See* ECF 1 at 5. Because the Due Process Clause is not implicated by changes in the conditions of a petitioner's confinement, Tarvin has not stated any claims that entitle him to federal habeas corpus relief with regard to these punishments.

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most

4

citizens enjoy. *Id.* at 485; *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). However, prisoners do not lose all constitutional rights when they are incarcerated. *Wolff*, 418 U.S. at 555. In certain circumstances, states may create liberty interests which are protected by the Due Process Clause. *Sandin*, 515 U.S. at 483-84; *Madison*, 104 F.3d at 767. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. "[T]hese interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767.

To the extent Tarvin challenges the loss of privileges or change in custody designation, such punishments do not pose an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484. Rather, they constitute changes in the conditions of his confinement, and therefore, do not implicate the protections afforded by the Due Process Clause. *See id.* at 486 (holding that no liberty interest was implicated by placement in administrative segregation); *Madison*, 104 F.3d at 768 (holding that thirty days commissary and cell restrictions do not implicate due process concerns).

Likewise, Tarvin's time-earning classification in terms of a line class will not "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487. The possibility that Tarvin's time-earning classification would affect when he is ultimately released from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id*. Tarvin cannot show that the reduction to his time-earning classification automatically changed the length of his sentence to the degree that it precluded him from any entitlement to an accelerated release date. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). It is well settled that the timing of Tarvin's release is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time earning status." *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).[4] As a result, Tarvin fails to state a claim that entitles him to federal habeas corpus relief.

## II. Tarvin Has No Constitutional Right to Parole (Claim 4).

In claim 4, Tarvin alleges that the disciplinary conviction "caused the parole board to take [his] already approved parole" from him, depriving him of his "liberty interest" in parole. ECF 3 at 7.

---

[4] In *Malchi*, the court found that time-earning status and custodial classifications are attenuated to release on parole and are "too speculative to afford . . . a constitutionally cognizable claim to the 'right' to a particular time earning status, which right the Texas legislature has specifically denied creating." 211 F.3d at 959. Moreover, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of . . . [petitioner's] custodial status . . . [and] such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (internal citations omitted).

This Court may not grant relief because Tarvin has no constitutional right to be released on parole. States have no duty to establish a parole system; thus, there is no constitutional or inherent right to be released before the expiration of a valid sentence. *See Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 11 (1979) (a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). It is well settled that the Texas statute governing parole encourages no expectancy of release, and therefore does not create a constitutional entitlement to release on parole. *Williams v. Briscoe,* 641 F.2d 274, 276–77 (5th Cir. 1981); *Creel v. Keene*, 928 F.2d 707, 709 (5th Cir. 1991). The Fifth Circuit has stated that it is "axiomatic that because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Having no liberty interest in parole, Tarvin's claim fails to state an actionable basis and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that Tarvin's petition for writ of habeas corpus be dismissed with prejudice and that no certificate of appealability issue.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

|  |  |
|---|---|
|  | BRENT WEBSTER<br>First Assistant Attorney General |
|  | JOSH RENO<br>Deputy Attorney General<br>for Criminal Justice |
|  | TOMEE M. HEINING<br>Chief, Criminal Appeals Division |
| *Lead Counsel | s/ Justine Isabelle Caedo Tan<br>JUSTINE ISABELLE CAEDO TAN*<br>Assistant Attorney General<br>State Bar No. 24104914 |
|  | P. O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>(512) 936-1400<br>(512) 936-1280 (FAX) |
|  | ATTORNEYS FOR RESPONDENT |

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading is being served by placing the same in the United States Mail, postage prepaid, on this the 17th of June 2025, addressed to:

Richard Eli Tarvin
TDCJ No. 00490114
Clements Unit
9601 Spur 591
Amarillo, TX 79107

        s/ Justine Isabelle Caedo Tan
        JUSTINE ISABELLE CAEDO TAN
        Assistant Attorney General

8