IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD ELI TARVIN, <br> TDCJ-CID No. 00490114, <br><br> Petitioner, <br><br> v. <br><br> DIRECTOR, TDCJ, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> 2:25-CV-057-Z-BR |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Richard Eli Tarvin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 3). For the reasons stated below, the Magistrate Judge recommends that the petition be DENIED.

### I. FACTUAL BACKGROUND

Tarvin, an inmate at the Clements Unit of the Texas Department of Criminal Justice, challenges the results of a prison disciplinary proceeding in which he was found guilty of possession of a weapon. (ECF 10-1 at 6). As a result, he lost 45 recreation days, 60 commissary days and 45 telephone service days. In addition, he was reduced in class from SAT III to SAT IV. (*Id*.). He lost no good-time credits. (*Id*.). Tarvin alleges that the disciplinary conviction also resulted in a change in his custody level from G2 (low) to G5 (high). (ECF 1 at 5).

On February 20, 2025, Tarvin filed this petition for habeas corpus, challenging his disciplinary conviction. The government responded, alleging that Tarvin's constitutionally protected liberty interest was not implicated in the disciplinary proceeding and he thus is not eligible for relief. (ECF 10). Tarvin did not file a reply.

## II. LEGAL ANALYSIS

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rule violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe on a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Alexander v. Tex. Dep't of Crim. Justice*, 951 F.3d 236, 240 (5th Cir. 2020). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007). Tarvin fails to meet both requirements.

### 1.     Tarvin is ineligible for mandatory supervision.

Tarvin is not entitled to habeas relief because he is ineligible for release to mandatory supervision. The law in effect at the time of the holding offense governs an inmate's eligibility for mandatory supervision. *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). For purposes of a mandatory supervision determination, the applicable holding offense is his current one. *Id.*; *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999) (an inmate's "eligibility for mandatory supervision release is determined by the statute in effect at the time of his current offense"). Tarvin's holding offense, upon which he was convicted on August 9, 1988, was aggravated sexual assault, which renders him ineligible for mandatory supervision. (ECF 10-1 at 1). *See* TEX. CODE CRIM. PROC. art. 42.18 § 8(c), *repealed by* Acts 1997, 75th Leg., ch. 165, §

12.22, eff. Sept. 1, 1997, *now codified as amended* at Tex. Gov't Code § 508.149(a); *see also Ex parte Mabry*, 137 S.W.3d 58, 59 (Tex. Crim. App. 2004) (outlining the statutory amendments to eligibility for mandatory supervision in Texas); *Ex parte Schroeter*, 958 S.W.2d 811, 812 (Tex. Crim. App. 1997) (quoting TEX. CODE CRIM. PROC. art. 42.18 § 8(c) and listing offenses outlined in TEX. CODE CRIM. PROC. art. 42.12, § 3(g) that disqualify a prisoner from eligibility for mandatory supervision). Pursuant to the statutes then in effect, Tarvin is ineligible for release to mandatory supervision. Accordingly, Tarvin's petition should be dismissed because he cannot show a due process violation.

    **2.       Tarvin did not lose good-time credit.**

Tarvin's petition also fails because he lost no good-time credit. Tarvin lost recreation days, commissary days and telephone service days, and was reduced in class and custody level. (ECF 1). The Fifth Circuit has held, however, that these types of punishment are not enough to trigger due process protections. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of the opportunity to earn good time does not implicate due process). Likewise, the imposition of commissary, recreation and cell restrictions do not implicate due process concerns. *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns."). An inmate also does not have a protected liberty interest in his custodial classification. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Accordingly, Tarvin's change in custodial classification, loss of commissary days and loss of recreational days do not present the denial of a constitutional right, and his petition should be denied.

### 3. Tarvin Has No Constitutional Right to Parole.

Tarvin alleges that the disciplinary conviction "caused the parole board to take [his] already approved parole" from him, depriving him of a liberty interest in his parole. (ECF 3 at 7). Tarvin has no constitutional right to be released on parole, however. States have no duty to establish a parole system; as a result, there is no constitutional or inherent right to be released before the expiration of a valid sentence. *See Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 11 (1979) (a statute that "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). The Texas statute governing parole provides no expectation of release, and, therefore, does not create a constitutional entitlement to release on parole. *Williams v. Briscoe*, 641 F.2d 274, 276-77 (5th Cir. 1981); *Creel v. Keene*, 928 F.2d 707, 709 (5th Cir. 1991). The Fifth Circuit has stated that it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Having no liberty interest in parole, Tarvin fails to state a valid basis for habeas relief.

## III. RECOMMENDATION

For the reasons stated above, Tarvin's petition fails to state a claim for relief under 28 U.S.C. § 2254. Accordingly, IT IS RECOMMENDED that the petition be DENIED and DISMISSED WITH PREJUDICE.

## IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 16, 2025.

*[signature: Lee Ann Reno]*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).